**12-Person Jury** 

0 0 7 1 8 7 1 *
FILED
12/28/2020 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
11625314

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| ABDUL MOHAMMED,<br><br>PLAINTIFF<br><br>vs.<br><br>CITIGROUP INC, PNC FINANCIAL SERVICES GROUP, INC, CAPITAL ONE AUTO FINANCE INC, AMERICAN HONDA FINANCE CORPORATION, EXPERIAN INFORMATION SOLUTIONS INC, EQUIFAX INFORMATION SERVICES LLC, TRANSUNION LLC<br><br>DEFENDANTS, | 2020L013779<br><br>COMPLAINT WITH JURY DEMAND |

**COMPLAINT AT LAW**

Abdul Mohammed ("Plaintiff"), individually, upon personal knowledge of facts pertaining to him and on information and belief, appearing Pro Se, brings this complaint against the Defendants listed above.

**JURISDICTION AND VENUE**

1. All the Defendants are authorized to conduct operations and conducting operations in this court's jurisdiction and hence this court has jurisdiction over this matter and hence the venue is proper.

**NATURE OF THE ACTION**

2. Plaintiff use to have a Secured Credit Card with Defendants PNC Financial Services Group Inc (hereinafter PNC) and Citigroup Inc (hereinafter Citibank) which were closed in 2016.

3. Defendants Experian Information Services Inc. (hereinafter Experian), Equifax Information Services LLC (hereinafter Equifax), and TransUnion LLC (hereinafter TransUnion) are the three major credit reporting agencies in the United States.

4. Since 2016 all the Defendants PNC, Citigroup, Experian, Equifax, and TransUnion are reporting derogatory information in the form of thousands of incorrect late payments and thousands of charged-off account statuses on all his credit reports.

5. Further Defendants PNC, Citigroup, Experian, Equifax, and TransUnion are reporting the paid of closed credit cards as charged-off credit cards even after the Plaintiff has paid the amount he owed to PNC and Citigroup.

1

EXHIBIT A



\* 5 0 0 7 1 8 7 1 \*

6. Plaintiff has disputed the above-mentioned unlawful derogatory information with the Defendants PNC, Citigroup, Experian, Equifax, and TransUnion several times since 2016 but the Defendants have not removed the unlawful derogatory information from the Plaintiff's credit reports.

7. The above-mentioned actions of the Defendants PNC, Citigroup, Experian, Equifax, and TransUnion have caused extreme harm in the form of declined credit applications.

8. Further, the Plaintiff had entered into contracts with Capital One Auto Finance Inc. (hereinafter Capital One and American Honda Finance Corporation (hereinafter American Honda) for finance of vehicles.

9. Both Capital One and American Honda reported unlawful derogatory information in the form of thousands of incorrect late payments and thousands of charged-off account statuses on Plaintiff's credit reports.

10. Plaintiff has disputed the above-mentioned unlawful derogatory information with the Defendants Capital One, American Honda, Experian, Equifax, and TransUnion several times for the past 10 years but the Defendants Capital One, American Honda, Experian, Equifax, and TransUnion have not removed the unlawful derogatory information from the Plaintiff's credit reports.

11. The violations of FCRA by Defendants Citibank, Experian, Equifax and TransUnion is described and listed in Exhibit-1 and Exhibit-1 will be filed with the court under seal later as it contains Plaintiff's credit reports.

12. The violations of FCRA by Defendants PNC, Experian, Equifax and TransUnion is described and listed in Exhibit-2 and Exhibit-2 will be filed with the court under seal later as it contains Plaintiff's credit reports.

13. The violations of FCRA by Defendants Capital One, Experian, Equifax and TransUnion is described and listed in Exhibit-3 and Exhibit-3 will be filed with the court under seal later as it contains Plaintiff's credit reports.

14. The violations of FCRA by Defendants American Honda, Experian, Equifax and TransUnion is described and listed in Exhibit-4 and Exhibit-4 will be filed with the court under seal later as it contains Plaintiff's credit reports.

15. Plaintiff will seek class certification on behalf of the similarly situated people once his attorney files an appearance in this case.

## COUNT I
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## (ALL DEFENDANTS)

2

EXHIBIT A



16. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.
17. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2, prohibits unfair methods of competition and unfair or deceptive acts or practices.
18. Defendants' conduct, described above, was unfair and deceptive.
19. Defendants' conduct was also, immoral, unethical, oppressive, and unscrupulous, and substantially injured Plaintiff.
20. Plaintiff suffered damages as a result of Defendants' deceptive and unfair conduct.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants, for damages, punitive damages, and compensatory damages in an amount of $100,000, and costs and attorney's fees and any such other relief as the court may deem just and proper.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
## (ALL DEFENDANTS)

21. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.
22. Plaintiff and Defendants entered into a contract that the Defendants' will not publish unlawful derogatory information on his credit reports.
23. Plaintiff has fully performed his obligations under the contract.
24. Plaintiff does not have copies of contracts which he entered with the Defendants and will be provided to the court later.
25. Under Illinois law, a covenant of good faith and fair dealing is implied in every contract.
26. Defendants breached the covenant of good faith and fair dealing by engaging in the above-described conduct and in particular by reporting unlawful derogatory information on Plaintiff's credit reports.
27. Defendants' conduct was willful and intentional and committed with a purpose to harm the Plaintiff.
28. Plaintiff suffered damages as a result of Defendants' breach of the covenant of good faith and fair dealing conduct.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants, for damages, punitive damages, and compensatory damages in an amount of $100,000, and costs and attorney's fees and any such other relief as the court may deem just and proper.

## COUNT III
## VIOLATIONS OF VIOLATIONS OF FCRA §§ 1681e (b) and 1681i
## (ALL DEFENDANTS)

3

EXHIBIT A



29. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.
30. Defendants violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of consumer reports about Plaintiff.
31. Defendants' violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

    a.  failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information that Plaintiff disputed, and (ii) record the correct status of the disputed information or delete the disputed information from Plaintiff's credit file in violation of § 1681i(a)(1);

    b.  failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

    c.  failing to properly delete items of disputed information from Plaintiff's credit file that Defendants' could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

32. These violations of §§ 1681e(b) and 1681i were willful, rendering Defendants liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.
33. In the alternative, Defendants' violations of §§ 1681e (b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.
34. Defendants are reporting incorrect derogatory information about Plaintiff as described above to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681 in violation of the Fair Credit Reporting Act.
35. Plaintiff suffered damages as a result of Defendants' violations of the Fair Credit Reporting Act. Due to Defendants' reporting of the incorrect derogatory information on the Plaintiff's Credit File at the three credit bureaus, the Plaintiff has been denied credit by other creditors and the Plaintiff's Credit Score has been drastically affected.
36. Plaintiff has disputed the unlawful derogatory information which is being reported by the Defendants on his credit reports several times for the past 10 years but the Defendants have refused to correct the unlawful derogatory information which is being reported by the Defendants on Plaintiff's credit reports.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants for monetary damages for each violation of the FCRA, occurring within nine (9) years preceding the

4

EXHIBIT A



filing of this Complaint; and award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated-: 27th December 2020

Respectfully Submitted,

/s/Abdul Mohammed,
258 East Bailey Rd., Apt. C
Naperville, IL 60565
Ph.630-854-5345

**EXHIBIT A**